Pearson, C. J.
In the State vs. Jarrett, 1 Ired, 84, this Court, taking the law to be that insolence on th«, part of a slave to a white man would justify a battery, but not an excessive one, awarded a venir j de novo on the ground that the instruction to the jury must be understood as having a reference to the testimony, and was in that sense erroneous ; and used these words : ‘‘ the language of His Honor, indeed, is, that “if the prisoner used the provoking language testified by the witnesses, deceased had a right to whip him.” But by the word whip, he must necessarily be understood as meaning te “ whip in the manner testified by the witnesses;” that is, with a knife and a fence rail.
In this case we think the prisoner has a right to complain of the third instruction — i. e., “if the prisoner believed, and had reason to believe, that a mere trespass only was intended, and killed to prevent such trespass, it would be murder.” Eor, taking, the law to be that a mere trespass to personal property does not mitigate, where the killing is with, a deadly weapon, but that a violent trespass to the person does mitigate,- this instruction must be understood as having reference to the kind of trespass spoken of by the witness ; and, in that sense, •is erroneous. His, Honor, having, in the second instruction, presented the ease to the jury on the footing that the deceased, and the party to which he belonged, had proper authority to arrest the prisoner, in the instruction now under consideration, assmnes'that the deceased, arid the party to which he belonged, were acting ibithout proper authority, and that what they did, or intended to do, was a trespass, and must necessarily be understood a* meaning the kind of trespass testified by the witnesses— that is, going-to a man’s house in the night time, with a *104 number of armed men, for the purpose of seizing bis body. Killing to prevent a trespass of tbis nature is certainly no more than manslaughter..
It occurred to us that this error might be cured'by the fifth instruction. On consideration, we are satisfied that that instruction cannot have this effect, because it is qualified and restricted by the words, “ he not knowing what was to follow.” On the supposition that he did know what was to follow — that is, that they intended to arrest and take him off as a deserter — the killing was mitigated,unless they had propqr authority to do so ; which view is not presented by this instruction, and, consequently, it deés not cure the error of the third Instruction1. The first and second instructions assume that there was proper authority to arrest; the other instructions assume tljat there was not. Tbis most important question is left undis-posed of, and to that omission the want of clearness in the ease is to be ascribed..
As is said in Gaither vs. Ferebee, 1 Winston 315, “ his Honor has left the case to the jury in such a manner, as to make it impossible for this Court to know what his opinion was on a,question of law arising on the facts of the case, and, of course, making it impossible to review his decision’• — unless his instructions are considered as mere abstract positions of law, without reference to what was testified to by the witnesses.
There is error ; and this deeisi©» must be certified to. the Superior Court, to the end that it may proceed according to law,